1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ARMANDO HERRERA,                    No. CIV S-12-0051-LKK-CMK-P

12                 Plaintiff,

13         vs.                            <u>FINDINGS AND RECOMMENDATIONS</u>

14    BRYSON, et al.,

15                 Defendants.

16    _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19              The court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26    This means that claims must be stated simply, concisely, and directly.  <u>See McHenry v. Renne</u>,

                                              1

1   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4   allege with at least some degree of particularity overt acts by specific defendants which support

5   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6   impossible for the court to conduct the screening required by law when the allegations are vague

7   and conclusory.

8          Plaintiff claims that his constitutional rights were violated when he was denied

9   parole for a period of five years instead of one year.  Plaintiff cannot state a claim upon which

10  relief can be granted because petitioner's argument has been foreclosed by the Ninth Circuit

11  Court of Appeals.   In Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011), the court

12  addressed the same argument presented in the context of a habeas corpus case.  In that case, the

13  petitioner argued that "Marsy's Law" (California Proposition 9), which permits parole denials for

14  as many as five years, which is greater than the law provided at the time the petitioner was

15  convicted, did not violate the constitution.  Based on Gilman, the court finds that plaintiff cannot

16  state a claim.

17         Because it does not appear possible that the deficiencies identified herein can be

18  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

19  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1        Based on the foregoing, the undersigned recommends that this action be dismissed

2   with prejudice.

3        These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5   after being served with these findings and recommendations, any party may file written

6   objections with the court.  Responses to objections shall be filed within 14 days after service of

7   objections.  Failure to file objections within the specified time may waive the right to appeal.

8   See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10   DATED:    January 17, 2012

11

12                                                          CRAIG M. KELLISON
                                                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26