1
2
3
4
5
6
7
8           **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  ARMANDO HERRERA,                     No. CIV S-12-0051-LKK-CMK-P

12              Plaintiff,

13        vs.                            <u>AMENDED FINDINGS AND</u>
                                         <u>RECOMMENDATIONS</u>
14  BRYSON, et al.,

15              Defendants.

16  _____/

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

4  allege with at least some degree of particularity overt acts by specific defendants which support

5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

6  impossible for the court to conduct the screening required by law when the allegations are vague

7  and conclusory.

8          Plaintiff claims that his constitutional rights were violated when he was denied

9  parole for a period of five years instead of one year pursuant to "Marsy's Law."   Plaintiff cannot

10  proceed with an individual § 1983 action challenging Marsy's Law because he is a member of

11  the class of prisoners already prosecuting this claim in  Gilman v. Schwarzenegger, No. Civ. S-

12  05-0830-LKK-GGH.[1]  See Crawford v. Bell, 599 F.2d 890 (9th Cir. 1979).

13          Because it does not appear possible that the deficiencies identified herein can be

14  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

15  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23

24          [1]     The Gilman class is defined as all California state prisoners who have been
sentenced to a life term with the possibility of parole for an offense that occurred before
25  November 4, 2008.  Here, documents attached to plaintiff's complaint indicate that he is serving
a life sentence, that his sentence carries the possibility of parole, and the offense occurred prior to
26  2008.

1     Based on the foregoing, the undersigned recommends that this action be dismissed

2 with prejudice and that all pending motions be denied as moot.

3     These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court.  Responses to objections shall be filed within 14 days after service of

7 objections.  Failure to file objections within the specified time may waive the right to appeal.

8 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10  DATED:  June 7, 2012

11

12                                        **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26